M. David Graubard, Esq.
Kera & Graubard
Attorneys for Sabatini Frozen Foods, LLC
240 Madison Avenue, 7th floor
New York, NY  10016
(212) 681-1600
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x
In re

ACME CAKE CO., INC.,

      Debtor.

------------------------------------x

Chapter 7
Case No. 10-49857-CEC

CERTIFICATION IN SUPPORT
OF ORDER TO SHOW CAUSE

   M. David Graubard, an attorney admitted to practice in the Eastern District of New York, hereby certifies the following to be true under the penalties of perjury:

   1. Affirmant is a member of Kera & Graubard, counsel for Sabatini Frozen Foods, LLC, ("Sabatini") a creditor of the alleged debtor Acme Cake Co., Inc. ("Acme" or "Debtor"). This certification is made in support of Sabatini's motion to dismiss the involuntary petition filed in this case or have this Court abstain.

PRELIMINARY STATEMENT

   2. On October 20, 2010, an involuntary petition under Chapter 7 was filed against the Debtor by the following four creditors, who were also pre-petition creditors in the Acme Chapter 11 case, (a copy of which is annexed hereto as Exhibit A):

| Name | Amount Alleged |
| --- | --- |
| CBS Food Products Corp. | $ 38,179.00 |
| Valente Yeast Company | 6,732.25 |
| I. Rice & Co., Inc. | 43,508.89 |
| Hi-Tech Plastics | 59,758.09 |

3. Previously, on April 2, 2008, the Debtor had filed an original Chapter 11 petition with this Court, case number 08-41965. That Chapter 11 case was dismissed by court order dated October 18, 2010 ("October 18th Order").

4. In the Chapter 11 case, Sabatini moved to dismiss the Acme Chapter 11 petition ("Sabatini Motion"). At the hearing on the Sabatini Motion, this Court inter alia made various findings as follows:

(a) Cause existed under §1112(b) to dismiss or convert the Chapter 11 case (Court transcript, 8/11/10, p. 16, lines 23-24; excerpt of transcript annexed hereto as Exhibit B).

(b) Dismissal of the Chapter 11 case was in the best interest of creditors and the estate (see Exhibit B, p. 17, line 24 - p. 18, line 10).

(c) Conversion of the case to Chapter 7 would cause the estate to incur additional expenses and result in no distribution unsecured creditors (Exhibit B, p. 18, lines 1-8).

(d) The probability that Sabatini might execute on the judgment and reach the Debtor's assets before other creditors did not affect the Court's determination that dismissal is in the best interest of creditors and the estate (see Exhibit B, p. 18, line 22 - p. 19, line 2).

5. CBS Food Products Corp. ("CBS") was one of the three members of the Unofficial Committee of Unsecured Creditors ("Creditors' Committee") in the Acme Chapter 11 case. I. Rice & Co., Inc. ("Rice") was also a member of the Creditors' Committee. Sabatini was the third member of the Creditors Committee.

6.     During the Chapter 11 case, Acme filed initially, a one page notice and then a short application to convert the case to Chapter 7, but never made an actual motion.

7.     Thereafter, KDW made a motion _inter alia_ to convert the case to Chapter 7 ("KDW Motion"), which was heard and denied by a provision in the October 18th Order.

8.     At a court hearing held on October 18, 2010, Craig A. Wolfe ("Wolfe"), an attorney with Kelley Drye & Warren, LLP ("KDW"), stated to the Court that he was informed that an involuntary petition would be filed upon the dismissal of the Acme Chapter 11 case as follows:

> "THE COURT:  How does the company go right back into a Chapter 7?
>
> MR WOLFE:  Well, there could be a -- there was a pending motion by the debtor, I mean presumably the debtor would file a petition if it didn't. I've been told that there are three petitioning creditors in the wings ready to file, so there are various ways that it could go back in." (emphasis added)

(See Court Transcript, 10/18/10, p. 23 annexed hereto as Exhibit C.)

9.     On October 19, 2010, Marshal Stephen W. Biegel ("Biegel") levied on the personal property of Acme on behalf of Sabatini, as judgment creditor.

10.    The involuntary petition was filed within two days after the Acme Chapter 11 case was dismissed.

## A CREDITOR HAS STANDING TO MAKE A MOTION
## TO DISMISS AN INVOLUNTARY PETITION

11.      Pursuant to Section 305(a)(1), the Court may dismiss a case or abstain, if "the interests of creditors and the debtor would be better served by such dismissal or suspension;..." and Section 707(a) allows the Court to dismiss the case "for cause." In re Jr. Food Mart of Arkansas, Inc., 234 B.R. 420, 421-422 (Bankr. E.D. Ark., 1999); In re Privada, Inc., 60 C.B.C.2d 1422, pp. 7-9 (Bankr. W.D. Tex., 2008).

12.    Under Section 305 of the Code, any creditor may move to dismiss an involuntary case or ask the Court to abstain from hearing the involuntary case; and under Section 707(a) of the Code, any creditor may move to dismiss the case. Jr. Food Mart, Ibid; Privada, Ibid.

13.    Accordingly, Sabatini, as a judgment creditor of Acme, has standing to bring this motion to dismiss the involuntary petition or ask the Court to abstain from the involuntary case.

## THE INVOLUNTARY PETITION SHOULD BE DISMISSED
## FOR CAUSE BASED UPON PRIOR FINDINGS AND ORDERS
## OF THE BANKRUPTCY COURT

A.    The Petitioning Creditors are Estopped
      from Filing an Involuntary Petition

14.    The petitioning creditors seek to do an end run around the October 18th Order which inter alia dismissed the Acme Chapter 11 case.

15. The issue of "cause to dismiss" was already litigated during the Acme Chapter 11 case, to which the Creditors' Committee, Sabatini, all creditors (including the four petition creditors), the United States Trustee, Kelley Drye & Warren, LLP ("KDW") and the Debtor were all parties. As previously noted, CBS and Rice were members of the Creditors' Committee.

16. The question of whether to dismiss the Acme Chapter 11 or to convert it to Chapter 7, has already been litigated. In fact, it was litigated twice in the Bankruptcy Court; once on the Sabatini Motion and a second time on KDW's Motion. In both instances, this Court found that dismissal, as opposed to conversion, was the appropriate remedy.

17. Accordingly, all the petitioning creditors, two of whom were members of the Creditors' Committee, who at one point had voted in favor of dismissal, are estopped from filing the involuntary petition that contravenes this Court's finding that the Acme Chapter 11 case should not be converted to Chapter 7.

18. The issue of "dismissal or conversion" was litigated by and amongst the Creditors' Committee, the Debtor, Sabatini, all creditors, the United States Trustee and KDW. The Court made a determination that conversion was not appropriate and all of those enumerated parties are precluded from pursuing a Chapter 7 case against Acme based upon collateral estoppel.

> "'Under collateral estoppel [issue preclusion], once a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of the same issues on a different cause of

5

action between the same parties.' <u>Kremer v. Chemical Construction Corp.</u>, 456 U.S. 461, 466-67 n. 6, 102 S. Ct. 1883, 1889-90 n. 6, 72 L. Ed. 2d 262 (1982). 'Collateral estoppel precludes relitigation of an issue of fact when 1) the issue is identical to an issue actually litigated in a prior proceeding, 2) determination of that issue was necessary to the resolution of the earlier proceeding, and 3) the opportunity to litigate was 'full and fair.'" <u>In re City Stores Co. v. The Mall, Inc.</u>, 42 B.R. 685, 688 (S.D.N.Y. 1984) (quoting <u>Sprecher v. Graber</u>, 716 F.2d 968, 972 (2nd Cir., 1983)." <u>In re Halpern</u>, 229 B.R. 67, 72 (E.D.N.Y., 1999).

19. Clearly, the filing of the involuntary petition falls squarely within this definition.

(a) In the case at bar, the issue raised by the involuntary petition is whether Acme should be in Chapter 7; this is very same issue that arose in the "dismissal v. conversion" controversy in the Acme Chapter 11 case.

(b) In the Acme Chapter 11 case, it was necessary for the Court to determine whether the Acme case should be dismissed or converted, as an indispensable element in both the Sabatini Motion and the KDW Motion.

(c) The opportunity to litigate was "full and fair," because the Creditors' Committee, <u>all</u> creditors (including the four petitioning creditors), Sabatini, the Debtor, the United States Trustee and all parties in interest in the Acme Chapter 11 case, were given notice and had the opportunity to be heard on the Sabatini Motion, and the KDW motion.

(1) The Sabatini Motion and the KDW motion were made on notice to all creditors (including the four petitioning creditors), who had an opportunity to be heard on both motions.

(2) At the hearing held on August 11, 2010, the Court specifically gave anybody who wanted to, the opportunity to argue for conversion of the Acme Chapter 11 case, as opposed to dismissal (See Court Transcript, 8/11/10, pp. 6-12 annexed hereto as Exhibit D).

20. Accordingly, all creditors are estopped from claiming that Acme should be placed in a Chapter 7 proceeding. This includes, without limitation, the four petitioning creditors.

B. The Involuntary Petition Constitutes a Serial Filing and/or Collusion

21. The involuntary proceeding is a clear attempt to circumvent the October 18th Order. The filing of the involuntary petition arises under peculiar circumstances. Wolfe alluded to an involuntary petition before this Court at the hearing held on October 18, 2010. Where an involuntary petition is utilized to circumvent a prior court order, grounds exist for the dismissal of the involuntary petition. In re Mi La Sul, 380 B.R. 546, 556 (C.D. Ca., 2007).

22. In assessing whether an involuntary petition should be dismissed, the Court may look to "subjective elements implicated in the Petitioner's motivation for such filing." In re Law Center, 261 B.R. 607, 612 (M.D. Pa., 2001).

23. Clearly, the motivation of the petitioning creditors is to obtain a bankruptcy for Acme, which Acme cannot do for itself. It is obvious that Acme cannot file its own Chapter 7 because of the issues concerning its Board of Directors, an item that arose in the Chapter 11 case. However, bankruptcy is the exact result that the Court <u>denied</u> in connection with the Sabatini Motion and the KDW Motion.

24. The Court has already determined that the Acme case should not be converted to a Chapter 7 case, and the very filing of the involuntary petition flies in the face of that prior ruling. As such, the involuntary petition should not be allowed to stand and should be either dismissed, or the Court should abstain, under Section 305(a).

25. When viewed against the history of the Acme Chapter 11 case, the involuntary petition, coming on the very heels of the dismissal of that Chapter 11 case (dismissal occurred on October 18, 2010 and the involuntary was filed on October 20, 2010) smacks of what the Courts call "serial" filings.

26. A review of the recent history of the Acme Chapter 11 case (i.e., the attempt by the Debtor to sell its assets to insiders; the Sabatini Motion; the KDW Motion; the comment by Wolfe at the hearing held on October 18th that there were three creditors waiting in the wings to file an involuntary), gives the aura that there is "more than meets the eye" involved in the filing of the involuntary petition, and that there was some element of collusion, or at least behind the scenes manipulation, with regard to the

filing of the involuntary petition. Upon information and belief, personnel of Acme, in some guise or form, coordinated the filing of the involuntary petition; thereby attempting to do indirectly what Acme cannot do directly. Such actions constitute grounds to dismiss an involuntary petition. <u>In re Delray Associated Limited Partnership</u>, 212 B.R. 511 (Bankr. D. Md. 1997); <u>In re Mi La Sul</u>, <u>supra</u>.

<u>NEED FOR TEMPORARY RELIEF</u>

27. The last day for the involuntary petition to be contested by the Debtor is November 12, 2010. Upon information and belief, there is a deadlock between the two directors of Acme, so that it may not be possible to take corporate action with regard to the involuntary petition.

28. The entry of an order for relief would prejudice the application that is made herein to dismiss the involuntary petition. Therefore, Affirmant respectfully requests that this Court enter the Order to Show Cause with the temporary relief of staying all proceedings in the involuntary case until the hearing the determination of this Motion to Dismiss. A copy of the proposed Order to Show Cause is annexed hereto as Exhibit E.

## CONCLUSION

29.    This Court has already considered whether Acme should be in a Chapter 7 case and decided soundly against it; <u>not once, but twice</u>. All creditors, including the four petitioning creditors, are bound by the prior determinations of this Court in the Acme Chapter 11 case. The Court's prior finding that there was "cause" for the Acme Chapter 11 case to be dismissed instead of converted, applies equally well to bar the filing of the involuntary petition. Such cause exists under Section 707(a) to dismiss the involuntary petition. Nothing changed in the two days between the October 18th Order and the filing of the involuntary petition on October 20, 2010 that would alter the Court's decision that dismissal was better than conversion.

WHEREFORE, Sabatini respectfully requests that this Court grant Sabatini's motion to dismiss the involuntary petition, together with such other and further relief as may be proper.

Dated:    New York, New York
          November 9 , 2010

M. David Graubard, Esq.
KERA & GRAUBARD
Attorneys for Sabatini Frozen
 Foods, LLC
240 Madison Avenue, 7th floor
New York, NY  10016
(212) 681-1600

a:sabatini
sab7mdg2.cer

10